IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-04492(ESL) |
| MICHAEL ACEVEDO REINOSO | CHAPTER 13 |
| Debtor | |
| MICHAEL ACEVEDO REINOSO | ADV. PROC. NO. 13-00167 (ESL) |
| Plaintiff | |
| vs. | |
| FIRST BANK PUERTO RICO | FILED & ENTERED ON 1/27/2015 |
| Defendant | |
| JOSE R. CARRION (Chapter 13 Trustee) | |

OPINION AND ORDER

This case is before the court upon the *Motion for Summary Judgment* (Docket No. 17) filed by the Plaintiff seeking a determination of value at $370,000.00 of a real property registered as Lot No. 18,683, page no. 232, volume no. 485, of the Property Registry of Puerto Rico, Section I of Carolina (the "Real Property") and that First Bank Puerto Rico ("First Bank"), a junior lien holder on the property, be found to be a wholly unsecured creditor that warrants the lien's strip off. Also before the court is the *Reply to Motion for Summary Judgment and Counter Motion for Summary Judgment* (the "*Cross Motion for Summary Judgment*", Docket No. 22) filed by First Bank alleging that that the Plaintiff's former spouse, Ms. María T. Pacheco González ("Ms. Pacheco González"), is an indispensable party to this case and because the *Complaint* fails to join her, it should be dismissed. Also before the court is the *Motion to Appear* filed by Ms. Pacheco González (Docket No. 28) submitting herself to the jurisdiction of the court and seeking to prosecute the same remedies requested by the Plaintiff in his *Complaint*. For the reasons stated herein, the *Motion for Summary Judgment* (Docket No. 17) and the *Cross Motion for Summary Judgment* (Docket No. 22) are hereby denied without

-1-

prejudice and the *Motion to Appear* is granted as a motion to intervene under Fed. R. Civ. P. 24(a)(2).

Procedural Background

On March 21, 2011, the Plaintiff and his then wife, Ms. Pacheco González, filed a joint voluntary Chapter 7 petition.  See Case No. 11-02326 (MCF) Docket No. 1.  In *Schedule A* of that case, they claimed to be the joint owners of the Real Property, which they valued at $444,000.  See Case No. 11-02326 (MCF) Docket No. 1, p. 19.  The Chapter 7 bankruptcy petition was dismissed on July 7, 2011.  See Case No. 11-02326 (MCF) Docket No. 22.

On March 26, 2013, the Plaintiff and Ms. Pacheco González jointly filed a petition for divorce by mutual consent before the Puerto Rico Court of First Instance, Superior Court of Carolina, Case No. F DI2013-0254 (405).  See Docket No. 27, pp. 5-23.  The divorce decree was entered on April 5, 2013.  See Docket No. 27, p. 21; Lead Case Docket No. 16.  In their joint divorce petition, the Plaintiff and Ms. Pacheco González agreed that the Real Property would be kept as community property between them and designated it as their children's homestead[1] (Docket No. 27, p. 14).  The Plaintiff also agreed to pay the mortgage payments on the Real Property and pay any arrearages (Docket No. 27, pp. 14-15).

On May 31, 2013, the Plaintiff filed the instant voluntary Chapter 13 bankruptcy petition.  See Lead Case Docket No. 1.  In his *Schedule A*, he declared to be the "joint" owner in "fee simple" of the Real Property, which he valued at $370,000.00.  See Lead Case Docket No. 14, p. 12.

On August 9, 2013, the Plaintiff filed the instant adversary proceeding *Complaint* to strip the Real Property's junior mortgage lien in favor of First Bank Puerto Rico ("First Bank") and reclassifying it as unsecured.  He also alleged to be "now, and has been at all times since this case was filed, the owner of the [Real Property]" (Docket No. 1, p. 5, ¶ 5).

On November 1, 2013, Fist Bank filed its *Answer to the Complaint* claiming that the Plaintiff is not the owner of the Real Property but a co-owner because he "owns [an] undivided

---

[1] See Article 109-A of the Civil Code of Puerto Rico, 31 L.P.R.A. § 385a.

participation in the [Real] Property equivalent to 50% and the remaining 50% is owned by [his] spouse María Teresa Pacheco" (Docket No. 10, p. 2, ¶ 4).  First Bank has also alleges as an affirmative defense that Ms. Pacheco González is an "indispensable party" because she "is also liable to Fist Bank for the payment of the [] mortgage note" and that failure to include her in the instant adversary proceeding constitutes cause for dismissal.  See Docket Nos. 10, p. 3, ¶¶ 1 and 3, and 23, p. 5, ¶ 18.

On May 6, 2014, the Plaintiff filed the *Motion for Summary Judgment* alleging that: (a) he "is the owner" of the Real Property; (b) the fair market value of the Real Property is $370,000 as of June 6, 2012; and (c) Citimortgage holds a senior lien over the Real Property in the amount of $508,322.31 while First Bank holds a junior lien in the amount of $103,086.18. See Docket No. 17, p. 3, ¶¶ 7-10.  Thus, the Plaintiff asserts that: (a) "there is no equity in the Real Property after payment in full of the liens senior to the mortgage as the value of First Bank's secured interest in the property, as it pertains to the junior lien, is zero"; and (b) First Bank's interest on the Real Property "is completely unsecured" (Docket No. 17, p. 4, ¶¶ 12-13). The Plaintiff also filed a *Statement of Uncontested Facts in Support of [His] Motion for Summary Judgment* reaffirming that he "is the owner" of the Real Property (Docket No. 18, p. 1, ¶ 1).

On June 9, 2014, First Bank filed a *Reply to Motion for Summary Judgment and Counter Motion for Summary Judgment* (Docket No. 22) and a *Statement of Uncontested Facts and Memorandum of Law in Support of Counter Motion for Summary Judgment* (Docket No. 23) arguing that Ms. Pacheco González is a co-owner of the Real Property and a co-maker in the mortgage note in which First Bank is the holder in due course and as such is liable to the bank for the debt secured by the junior mortgage.

On September 12, 2014, the court entered an *Order* stating that because "Ms. Pacheco [González] has not appeared in the Lead Case or the instant adversary proceeding nor has she filed a Proof of Claim … the court [could not] determine her interest in the Real Property at [that] juncture, if any, nor can the court properly rule on her 'indispensability' in the instant

case" (Docket No. 25, p. 2). "Hence, the court [] order[ed] the Plaintiff to inform the court within 7 days: (a) if there was a conjugal partnership between him and Ms. Pacheco while they were married; (b) if so, whether or not the post-marital community has been liquidated or if one is still in effect; and (c) the extent of Ms. Pacheco's current proprietary interest in the Real Property, if any" (Docket No. 25, p. 2).

On September 16, 2014, Ms. Pacheco González filed a *Motion to Appear* "plac[ing her]self under the jurisdiction of this court" (Docket No. 28, p. 2, ¶ 3) and stating that: (a) she had "read the Complaint in this case and understand[s] that the Complaint seeks to eliminate the second mortgage, held by FirstBank, that encumbers the [Real Property] as the value of the property is less than the amount owed by the first mortgage" (Docket No. 28, p. 1, ¶ 2); (b) she "fully agree[s] with the remedies requested [] by [her] ex-husband and Plaintiff Michael Acevedo Reinoso on the Complaint" (Docket No. 28, p. 2, ¶ 3); (c) she also "want[s] to prosecute the remedies requested by Mr. Acevedo Reinoso, as they are of benefit to [her] and [her] children (Docket No. 28, p. 2, ¶ 3); and (d) she "do[es] not wish that this complaint be dismissed" (Docket No. 28, p. 2, ¶ 3).

On September 19, 2014, the Plaintiff filed a *Motion in Compliance...* informing that he and "his former wife hold an equal proportion of shares in their post marital community regime" and that "the post marital community regime has not been liquidated" (Docket No. 27, p. 2, ¶ 7).

On September 30, 2014, First Bank filed a *Reply to Motion to Appear* arguing that: (a) Ms. Pacheco González's motion "is not clear … if she is going to join the complaint as co-plaintiff pursuant to the provisions of Federal Rule 19 of the Federal Rules of Civil Procedure and Rule 7019 of the Federal Rules of Bankruptcy Procedure" (Docket No. 29, p. 2, ¶ 3); (b) "pursuant to the provisions of Rule 19(b), *supra*, the court has to make a determination if the joinder of Ms. Pacheco González is feasible" (Docket No. 29, p. 2, ¶ 4); and (c) if "the joinder is feasible, then the complaint should be amended accordingly, to include Ms. Pacheco González as co-plaintiff or involuntary defendant" (Docket No. 29, p. 2, ¶ 5). First Bank asserts that if Ms. Pacheco González is included as co-plaintiff or involuntary plaintiff, then "First Bank has

valid defenses to oppose against [her] and a compulsory counter-claim" or "compulsory cross-claim against her" (Docket No. 29, p. 2, ¶ 6).

On December 3, 2014, the court entered an *Order* for the Plaintiff to reply to First Bank's *Reply* at Docket No. 29 (Docket No. 30).

On December 17, 2014, the Plaintiff filed a *Motion in Compliance* (Docket No. 32) contending that: (a) Mrs. Pacheco González "has appeared as a party to this cause of action who has voluntarily submitted to the jurisdiction of this [] Court in the instant adversary proceeding and does not oppose the remedies requested by Plaintiff in the Complaint" (Docket No. 32, pp. 1-2, ¶ 2); and (b) "Federal Rule of Bankruptcy Procedure 7019(a)(2) is not applicable to the facts in the instant adversary" because Ms. Pacheco González "is not a plaintiff to the instant adversary proceeding and accordingly, her position would be best characterized pursuant to Federal Rule of Bankruptcy Procedure 7024, namely, as an intervenor" (Docket No. 32, pp. 1-2, ¶ 3).

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). Core proceedings, for bankruptcy jurisdictional purposes, are actions that have as their "foundation the creation, recognition, or adjudication of rights that would not exist independent of a bankruptcy environment." In re Med. Educ. & Health Servs., Inc., 459 B.R. 527, 545 (Bankr. D.P.R. 2011) (citations and quotations omitted). Fed. Rs. Bankr. P. 7001(2) and 7001(9) provide that proceedings to determine the validity, priority or extent of a lien or other interest in property and to obtain a declaratory judgment relating to such validity are adversary proceedings.

Applicable Law and Analysis

*(A)    Lack of Joinder of Persons Needed for Just Determination under Fed. R. Civ. P. 19*

The question of whether a party is indispensable is governed by Fed. R. Civ. P. 19. See Hapag-Lloyd Container Linie, GmBh v. Luis A. Ayala Colón Sucrs., Inc., 209 F.R.D. 285, 286 (D.P.R. 2002). "A motion to dismiss for failure to join an indispensable party is based on [Fed.

R. Civ. P.] 12(b)(7)". OneBeacon Am. Ins. Co. v. Elwell, 2009 U.S. Dist. LEXIS 117402 at *4, 2009 WL 4910056 at *1 (D. Maine 2009). Fed. R. Civ. P. 19 is applicable to bankruptcy adversary proceedings through Fed. R. Bankr. P. 7019 with certain limitations not applicable to this case[2].

In Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 25 (1st Cir. 2010), the U.S. Court of Appeals for the First Circuit ("First Circuit") explained the purpose of Fed. R. Civ. P. 19 and provided the following instruction on how to apply it:

> Rule 19 is designed to protect the interests of parties who are not yet involved in ongoing litigation. To measure how critical those interests are, the rule instructs courts to engage in a two-part analysis. Parties should be joined, when feasible, if they are "necessary" to the action according to the criteria laid out in Rule 19(a). If a necessary party cannot be joined in the action without divesting the court of subject-matter jurisdiction, Rule 19(b) lays out additional criteria for determining whether the party is "indispensable." If the court finds that party is anything less than indispensable, the case proceeds without her. If, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.

The First Circuit also expanded upon the meaning of the term "necessary" under Fed. R. Civ. P. 19:

> The term 'necessary' is a vestige of a superseded version of Rule 19 and no longer appears in the text. … Lest there be any confusion, the word is used as a term of art and signifies desirability rather than actual necessity. Parties are not truly necessary in the vernacular sense of the word unless and until they satisfy the terms of Rule 19(b).

> Id. at 25, n.3 (internal punctuation omitted).

---

[2] Fed. R. Bankr. P. 7019 states as follows:

> Rule 19 F. R. Civ. P. applies in adversary proceedings, except that (1) if an entity joined as a party raises the defense that the court lacks jurisdiction over the subject matter and the defense is sustained, the court shall dismiss such entity from the adversary proceedings and (2) if an entity joined as a party properly and timely raises the defense of improper venue, the court shall determine, as provided in 28 U.S.C. § 1412, whether that part of the proceeding involving the joined party shall be transferred to another district, or whether the entire adversary proceeding shall be transferred to another district.

"The term 'indispensable' has similarly been removed from the text of Rule 19, but courts still use it as shorthand for whether dismissal under Rule 19(b) is warranted. The 'critical question' under Rule 19(b) --and thus the key to whether a party is 'indispensable'-- is 'whether in equity and good conscience' the action may proceed in the party's absence." Axis Ins. Co. v. Hall, 287 F.R.D. 110, 113 (D. Maine 2012), quoting B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008) and Fed. R. Civ. P. 19(b).

"Rather than being formalistic, the court's consideration of Rule 19(b) follows a pragmatic analysis of the particular circumstances of each case." Wright & Miller, Federal Practice and Procedure Civil 3d § 1359 (2014 Supplement). "Courts are less concerned with abstract characterizations of the parties and more concerned with whether the rights of the parties can be fairly adjudicated". Minute Man Anchors, Inc. v. Oliver Techs., Inc., 2005 U.S. Dist. LEXIS 47973 at *35, 2005 WL 1871164 at *15 (W.D.N.C. 2005), quoting E-Z Bowz, LLC v. Prof'l Prod. Research Co., 2003 U.S. Dist. LEXIS 15257 at *11, 2003 WL 22064257 at *3 (S.D.N.Y. 2003), citing Agilent Techs., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 327 n. 3 (E.D.Va. 2004); AMP, Inc. v. Burndy of Midwest, Inc., 340 F.Supp. 21 (N.D.Ill.1971) (other citations omitted). A Fed. R. Civ. P. 19 inquiry entails "pragmatic judgments" that take into account the "particular circumstances of the case". Picciotto v. Cont'l Cas.Co., 512 F.3d 9, 14 (1st Cir. 2008), quoting Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989). In doing so, "court[s] should keep in mind the policies that underlie Rule 19, 'including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them.'" Picciotto v. Cont'l Cas.Co., 512 F.3d at 15, quoting Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982).

In the instant case, Ms. Pacheco Gonzalez is an indispensable party because she has a property interest in the community that comprises the Real Property. See Docket No. 27, p. 14. Her *Motion to Appear* submitting herself to the jurisdiction of the court (Docket No. 28),

however, has mooted First Bank's defense of lack of indispensable party because she is no longer absent. Therefore, First Bank's motion to dismiss under Fed. R. Civ. P. 12(b)(7) is hereby denied.

*(B)      Ms. Pacheco González's Role in the Instant Adversary Proceeding*

The more complex inquiry in the instant case is whether Ms. Pacheco González should be classified as a co-plaintiff, a co-defendant or an intervenor. Such determination is important because First Bank First Bank asserts that if Ms. Pacheco González is included as co-plaintiff or involuntary plaintiff, then "First Bank has valid defenses to oppose against [her] and a compulsory counter-claim" or "compulsory cross-claim against her" (Docket No. 29, p. 2, ¶ 6).

A "lawsuit often is not merely a private fight and will have implications on those not named as parties. This has been increasingly recognized in the last 125 years and three principal devices have been provided to deal with this fact. Under some circumstances the interest of the absentee may be so affected by the litigation that it cannot be permitted to proceed without joining the absentee, at least if it is possible to do so. This is compulsory joinder, governed by [Fed. R. Civ. P.] 19. In other instances those who have come forward as named parties will be permitted to represent the interest of others similarly situated. This is the class action, governed by [Fed. R. Civ. P.] 23. Finally there are situations in which the absentee may be allowed in on personal application. This is intervention, governed by [Fed. R. Civ. P.] 24." 7C Wright, Miller & Krane, Federal Practice and Procedure: Civil 3d § 1901 (2014) (footnotes omitted).

An "intervention" is "a procedure by which an outsider with an interest in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants". 7C Wright, Miller & Krane, Federal Practice and Procedure: Civil 3d § 1901 (2014). Fed. R. Civ. P. 24, applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7024, distinguishes between "intervention of right", Fed. R. Civ. P. 24(a), and "permissive intervention", Fed. R. Civ. P. 24(b). The differences are significant. For instance, in the case of a motion to intervene as of right, the court's discretion is somewhat more constrained than in the case of a motion for

permissive intervention.  See Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1999).  In addition, the timeliness requirement is often applied less strictly with respect to intervention as of right.  See, *e.g.,* Navieros Inter-Americanos, S.A. v. M/V Vasilia Express, 120 F.3d 304, 320 (1st Cir. 1997).

Fed. R. Civ. P. 24(a) provides as follows:

Intervention of right.

On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In her *Motion to Appear*, Ms. Pacheco González's claims to be the "co-owner, with [the Plaintiff], of the [Real Property]" (Docket No. 28, p. 1, ¶ 1).  This is further evidenced through the joint divorce petition whereby the Plaintiff and Ms. Pacheco González agreed that the Real Property would be kept as community property between them.  See Docket No. 27, p. 14-15.  Thus, because the court finds that Ms. Pacheco González is an outsider with a property interest in the Real Property subject of the instant adversary proceeding, the court will consider her *Motion to Appear* as a motion for intervention under Fed. R. Civ. P. 24(a)(2).

When intervention is at issue, timeliness is a "prevenient question" that "stands as a sentinel at the gates whenever intervention is requested and opposed".  R&G Mortgage Corp. v. Fed. Home Loan Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2009), quoting BPPR v. Greenblatt, 964 F.2d 1227, 1230 (1st Cir. 1992) (internal quotation marks omitted).  Timeliness, for Fed. R. Civ. P. 24, "is not of fixed meaning and provides, in many cases, an opportunity even under subdivision (a) for the court to take some account of the practical situation and the effect on those already parties and on the economical disposition of judicial business of allowing intervention."  7C Wright, Miller & Krane, Federal Practice and Procedure: Civil 3d § 1902

(2014) (footnotes omitted). The timeliness inquiry is inherently fact-sensitive and depends on the totality of the circumstances. See BPPR v. Greenblatt, 964 F.2d at 1230-1231. In evaluating that mosaic, the status of the litigation at the time of the request for intervention is highly relevant. Id. at 1231. "As a general matter, the case law reflects four factors that inform the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." R&G Mortgage Corp. v. Fed. Home Loan Mortgage Corp., 584 F.3d at 8-9, citing BPPR v. Greenblatt, 964 F.2d at 1230.

In the instant case, the *Motion to Appear* was filed at an early stage of the litigation when First Bank sought the dismissal of the case for lack of an indispensable party and soon after the court entered an *Order* to clarify if the Real Property was subject of a liquidation of the post-marital community property, if one existed. See Docket Nos. 22, 25 and 28. Her property interests in may be severely affected should her intervention be denied. Thus, pursuant to the totality of the circumstances, the court finds that the *Motion to Appear*, considered as a motion to intervene under Fed. R. Civ. P. 24(a)(2), is timely and is hereby granted as such and only to that extent.

The court now considers whether Ms. Pacheco González will be classified as a co-plaintiff, an involuntary plaintiff or a defendant. "When assessing the proper classification of a party to a suit, 'the answer is to be found not in legal learning but in the realities of the record.'" Siteworks Contr. Corp. v. W. Sur. Co., 461 F. Supp. 2d 205, 208 (S.D.N.Y. 2006), quoting Indianapolis v. Chase National Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941). "Accordingly, it is the court's duty to 'arrange the parties according to their sides in the dispute,' so as to ensure that there exists an actual and sustainable controversy between the parties." Siteworks Contr. Corp. v. W. Sur. Co., 461 F. Supp. 2d at 208-209, quoting Dawson v. Columbia Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713 (1905). Thus, when

making an assessment as to a party's proper alignment in a case, the court is to examine the entire record to discover the real interests of the parties. See Maryland Casualty Co. v. W.R. Grace, 23 F.3d 617, 623 (2nd Cir. 1993).

Because Ms. Pacheco González has voluntarily submitted herself to the jurisdiction of the court and seeks "to prosecute the remedies requested by [the Plaintiff in the *Complaint*, as she believes they are] of benefit to [her] and [her children]" (Docket No. 28, p. 2, ¶ 3), the court finds that she should be classified as a co-plaintiff. Therefore, the Plaintiff is hereby ordered to amend the *Complaint* to include Ms. Pacheco González as a co-plaintiff within 21 days under Fed. R. Civ. P. 15(a), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 7015, and Fed. R. Civ. P. 19(a)(2).

Conclusion

In view of the foregoing, the Plaintiff's *Motion for Summary Judgment* (Docket No. 17) and First Bank's *Cross Motion for Summary Judgment* (Docket No. 22) are hereby denied without prejudice at this juncture. Ms. Pacheco González's *Motion to Appear* (Docket No. 28) is granted as a motion to intervene under Fed. R. Civ. P. 24(a)(2). The Plaintiff is hereby ordered to amend the *Complaint* to include Ms. Pacheco González as a co-plaintiff within 21 days under Fed. Rs. Civ. P. 15(a) and 19(a)(2).

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of January, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-